IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| **KRAIG PAYNE, Y40610,** | ) |
| | ) |
| **Plaintiff,** | ) |
| | ) |
| vs. | ) Case No. 25-cv-1808-DWD |
| | ) |
| **NOAH WHITE,** | ) |
| **LT. LERNER,** | ) |
| **LT. LIVINGSTON,** | ) |
| **LT. TOLIVER,** | ) |
| **OFFICER GERMAK,** | ) |
| **WARDEN BROWN,** | ) |
| | ) |
| **Defendants.** | ) |

## MEMORANDUM AND ORDER

**DUGAN, District Judge:**

Plaintiff Kraig Payne, an inmate of the Illinois Department of Corrections (IDOC) currently detained at Menard Correctional Center, brings this civil rights action pursuant to 42 U.S.C. § 1983 for alleged deprivations of his constitutional rights at Lawrence Correctional Center. Plaintiff alleges the defendants wrongfully confiscated his phonebook. Plaintiff's Complaint (Doc. 1) was filed in the Northern District of Illinois on July 25, 2025,[1] and it was transferred to this Court in mid-September. The Court dismissed Plaintiff's Complaint for failure to state a claim (Doc. 11), and he filed a timely Amended Complaint (Doc. 12) that is now before the Court for initial review.

---

[1] Plaintiff accrued three strikes in this District on July 25, 2025, but the underlying complaint in this matter was dated July 11, 2025, so the Court treated this case as filed *before* Plaintiff had three strikes. (Doc. 1 at 10).

Under Section 1915A, the Court is required to screen prisoner complaints to filter out non-meritorious claims. *See* 28 U.S.C. § 1915A(a)-(b). Any portion of a complaint that is legally frivolous, malicious, fails to state a claim upon which relief may be granted, or asks for money damages from a defendant who by law is immune from such relief must be dismissed. 28 U.S.C. § 1915A(b). At this juncture, the factual allegations of the *pro se* complaint are to be liberally construed. *Rodriguez v. Plymouth Ambulance Serv.*, 577 F.3d 816, 821 (7th Cir. 2009).

## ANALYSIS

Plaintiff alleges that on August 30, 2024, Defendant White stole legal mail and a phonebook from his cell. (Doc. 12 at 6). He states that he was found not guilty of a disciplinary ticket, but his phonebook was not returned. He faults "all the other defendants" for playing a role in failing to return his phonebook after he complained that it was still missing. (*Id.*). Plaintiff claims the defendants conducted an unreasonable search and seizure and they failed to protect him. (Doc. 12 at 7). He seeks monetary compensation. (Doc. 12 at 8).

Plaintiff's Amended Complaint is insufficient to proceed for several reasons. First, as the Court previously informed him, naming a defendant in the case caption without describing their role in the complaint is insufficient to state a claim. *See e.g.*, *Black v. Lane*, 22 F.3d 1395, 1401 at n.8 (7th Cir. 1994). Other than Defendant White, the other five defendants are only referenced generically in the complaint as a group, but there is not enough detail about their personal involvement to sustain a § 1983 claim. *Matz v. Klotka*, 769 F.3d 517, 528 (7th Cir. 2014) ("[I]ndividual liability under § 1983 requires personal

involvement in the alleged constitutional deprivation"); *see also Pepper v. Village of Oak Park*, 430 F.3d 806, 810 (7th Cir. 2005) ("[T]o be liable under § 1983, the individual defendant must have caused or participated in a constitutional deprivation."); *Brooks v. Ross*, 578 F.3d 574, 580 (7th Cir. 2009) (a generic, "one or more defendants caused me harm" argument is not enough to plead a valid claim).

Second, the focus of Plaintiff's complaint is the loss of a personal phonebook, but as the Court previously explained, a § 1983 action cannot be maintained to recover lost personal property. The Fourteenth Amendment provides that state officials shall not "deprive any person of life, liberty, or property, without due process of law," but a state tort claims act that provides a method by which a person can seek reimbursement for the negligent loss or intentional depravation of property meets the requirements of the due process clause by providing due process of law. *Hudson v. Palmer*, 468 U.S. 517, 533 (1984) ("For intentional, as for negligent deprivations of property by state employees, the state's action is not complete until and unless it provides or refuses to provide a suitable post deprivation remedy."). The Illinois Court of Claims provides an exclusive remedy for "[a]ll claims against the State founded upon any law of the State of Illinois or upon any regulation adopted thereunder by an executive or administrative officer or agency," 705 ILCS 505/8(a), and "[a]ll claims against the State for damages in cases sounding in tort, if a like cause of action would lie against a private person or corporation in a civil suit," 705 ILCS 505/8(d). The state remedy for the deprivation of an inmate's property provides an adequate remedy at law. *See e.g. Murdock v. Washington*, 193 F.3d 510, 513 (7th Cir. 1999). Plaintiff previously indicated he was already pursuing his sole remedy via the

Court of Claims, so this lawsuit is not appropriate to seek further compensation concerning his property.

Third, Plaintiff complains that the phonebook was taken during a random search, in violation of the Fourth Amendment. This theory is not viable because inmates do not have any Fourth Amendment protection from random cell searches. *Hudson v. Palmer*, 468 U.S. 517, 525-26 (1984) (the Fourth Amendment proscription against unreasonable searches does not apply within the confines of the prison cell). Plaintiff also mentions the Fifth Amendment and the failure to protect, but these theories have no obvious connection to the facts he has alleged, and the threadbare assertions do not form a sufficient basis to proceed. For these reasons Plaintiff has failed to state a valid claim, and his complaint will now be dismissed for failure to state a claim.

Given that this is now Plaintiff's second attempt to file a viable pleading, the Court finds that it is not necessary to afford further opportunities. *See e.g. Zimmerman v. Bornick*, 25 F.4th 491, 494 (7th Cir. 2022) (amendment would be futile if plaintiff already had multiple chances to cure deficiencies); *Always Towing & Recovery, Inc. v. City of Milwaukee*, 2 F.4th 695, 707 (7th Cir. 2021) (courts may deny leave to amend if an amendment would be futile); *McCree v. Grissom*, 657 F.3d 623, 624 (7th Cir. 2011) (leave to amend shall be granted where justice so requires, but leave to amend need not be given if an amendment to the complaint would be futile). As such, this case is now dismissed for failure to state a claim under 28 U.S.C. § 1915A. This dismissal shall count as a strike for purposes of 28 U.S.C. § 1915(g).

In addition to dismissing this case for failure to state a claim, the Court finds it appropriate to also discuss Plaintiff's overall litigation conduct for the last few years. This case is the third case of Plaintiff's that the undersigned has dismissed for failure to state a claim within the last year.[2] This case is the twelfth case that has been dismissed in this District for failure to state a claim in just over a year.[3] Plaintiff has also had ten appeals dismissed by the Seventh Circuit in the last two years for failure to pay the filing fee.[4] In addition to cases in this District, Plaintiff has also filed eighteen cases between the Northern and Central Districts of Illinois.[5] In this District between local filing fees and appellate filing fees, Plaintiff owes approximately $10,395.83.

---

[2] *See Payne v. Hughes, et al.*, Case No. 25-cv-881 (S.D. Ill. Sept. 29, 2025) (dismissed for failure to state a claim); *Payne v. Crooks, et al.*, Case No. 25-cv-1013 (S.D. Ill. Oct. 7, 2025) (dismissed for failure to state a claim); *see also Payne v. Newkirk*, Case No. 25-cv-1484 (S.D. Ill. Oct. 9, 2025) (dismissed for failure to exhaust administrative remedies).

[3] *Payne v. Goodman*, Case No. 24-cv-2129 (S.D. Ill. Dec. 30, 2024) (dismissed for failure to state a claim); *Payne v. Tate*, Case No. 25-cv-509 (S.D. Ill. Oct. 23, 2025) (dismissed for failure to state a claim); *Payne v. Clayton*, Case No. 25-cv-731 (S.D. Ill. Aug. 5, 2025) (dismissed for failure to state a claim); *Payne v. Bridwell*, Case No. 25-cv-732 (S.D. Ill. July 25, 2025) (dismissed for failure to state a claim); *Payne v. Brown*, Case No. 25-cv-848 (S.D. Ill. July 25, 2025) (dismissed for failure to state a claim); *Payne v. Gerling, et al.*, Case No. 25-cv-866 (S.D. Ill. Sept. 22, 2025) (dismissed for failure to state a claim); *Payne v. Hughes, et al.*, Case No. 25-cv-881 (S.D. Ill. Sept. 29, 2025) (dismissed for failure to state a claim); *Payne v. Hughes, et al.*, Case No. 25-cv-926 (S.D. Ill. July 25, 2025) (dismissed for failure to state a claim); *Payne v. Shadid, et al.*, case No. 25-cv-1008 (S.D. Ill. Dec. 1, 2025) (dismissed for failure to state a claim); *Payne v. Crooks, et al.*, Case No. 25-cv-1013 (S.D. Ill. Oct. 7, 2025) (dismissed for failure to state a claim); *Payne v. Pritzker,* Case No. 25-cv-1011 (S.D. Ill. Nov. 4, 2025) (dismissed for failure to state a claim).

[4] *Payne v. John, et al.*, Case No. 24-2041 (7th Cir. Sept. 20, 2024) (dismissed for failure to pay the filing fee); *Payne v. Clayton, et al.*, Case No. 25-2372 (7th Cir. Jan. 9, 2026) (dismissed for failure to pay the filing fee); *Payne v. Bridgwell, et al.*, Case No. 25-2374 (7th Cir. Jan. 9, 2026) (dismissed for failure to pay the filing fee); *Payne v. Brown, et al.*, Case 25-2375 (7th Cir. Jan. 15, 2026) (dismissed for failure to pay the filing fee); *Payne v. Hughes, et al.*, 25-2376 (7th Cir. Jan. 9, 2026) (dismissed for failure to pay the filing fee); *Payne v. Tate*, 25-2986 (7th Cir. Jan. 9, 2026) (dismissed for failure to pay the filing fee); *Payne v. Gerling, et al.*, Case No. 25-2987 (7th Cir. Jan. 9, 2026) (dismissed for failure to pay the filing fee); *Payne v. Hughes, et al.*, Case No. 25-2988 (7th Cir. Jan. 9, 2026) (dismissed for failure to pay the filing fee); *Payne v. Crooks, et al.*, Case No. 25-2989 (7th Cir. Jan. 9, 2026) (dismissed for failure to pay the filing fee); *Payne v. Newkirk*, Case No. 25-2990 (7th Cir. Jan. 9, 2026) (dismissed for failure to pay the filing fee); *Payne v. Shadid*, Case No. 25-3328 (7th Cir. Dec. 29, 2025) (suspended pending payment of the filing fee).

[5] *Payne v. Darwin*, Case No. 23-cv-1040 (N.D. Ill. Mar. 10, 2023) (dismissed for failure to state a claim); *Payne v. Washington, et al.*, Case No. 24-cv-1174 (C.D. Ill. May 2, 2024) (transferred to the Northern District of Illinois); *Payne v. Washington, et al.*, Case No. 24-cv-3710 (N.D. Ill. June 7, 2024) (dismissed as duplicative of

Courts possess authority to implement restrictions or filing bans for litigants who become unmanageable or whose litigation efforts needlessly absorb court resources. *See* Alexander v. United States, 121 F.3d 312 (7th Cir. 1997), *and* Support Systems International, Inc. v. Mack, 45 F.3d 185 (7th Cir. 1995). One sanction available for an unruly litigant is the dismissal of their case. *See e.g.* Hoskins v. Dart, 633 F.3d 541 (7th Cir. 2011) (discussing the district court's inherent authority to dismiss a case as a sanction); Hughes v. Varga, 2021 WL 3028145 (7th Cir. July 19, 2021) (finding that a court had inherent authority to dismiss a case with prejudice where the inmate litigant willfully abused the judicial process). A filing ban can also preclude the filing of new suits even under the imminent danger exception of 28 U.S.C. § 1915(g). *See* Norfleet v. Baldwin, 2021 WL 3869748 at * 1 (7th Cir. 2021) (granting an inmate's motion to modify his filing restriction to allow for filings if there is an allegation of imminent danger), *but see* Stone v. Roseboom, 803 Fed App'x 947 (7th Cir. 2020) (discussing a filing ban that did *not* contain an imminent danger exception).

---

24-cv-389 after transfer from the Central District); *Payne v. Gossage, et al.*, Case No. 24-cv-3215 (C.D. Ill. proceeding against 2 defendants); *Payne v. John, et al.*, Case No. 22-cv-4141 (C.D. Ill. June 4, 2024) (dismissed for failure to exhaust administrative remedies); *Payne v. Smith, et al.*, Case No. 22-cv-1439 (C.D. Ill. Mar. 31, 2023) (dismissed for failure to prosecute after plaintiff failed to update his address upon release from IDOC); *Payne v. Frazier, et al.*, Case No. 24-cv-1350 (C.D. Ill.) (awaiting filing of merits dispositive motions); *Payne v. Armstead*, Case No. 24-cv-11608 (N.D. Ill.) (service on sole defendant pending); *Payne v. Thomas, et al.*, Case No. 21-cv-2059 (N.D. Ill. July 21, 2021) (dismissed for Plaintiff's failure to prosecute upon release from custody); *Payne v. Washington, et al.*, Case No. 24-cv-389 (N.D. Ill.) (summary judgment on exhaustion is pending); *Payne v. Benson, et al.*, Case No. 24-cv-785 (N.D. Ill.) (amended complaint pending review); *Payne v. Employs, et al.*, Case No. 24-cv-834 (N.D. Ill. Nov. 4, 2024) (dismissed as duplicative of Case No. 24-cv-785); *Payne v. Lee, et al.*, Case No. 25-cv-8049 (N.D. Ill. July 15, 2025) (pending review); *Payne v. Allen*, Case No. 25-cv-8046 (N.D. Ill. July 15, 2025) (pending review); *Payne v. Medina*, Case No. 25-cv-8217 (N.D. Ill. July 18, 2025) (pending review); *Payne v. Brown*, Case No. 25-cv-8746 (N.D. Ill. July 23, 2025) (habeas petition pending review); *Payne v. White, et al.*, Case No. 25-cv-8811 (N.D. Ill. Sept. 18, 2025) (transferred to the Southern District of Illinois); *Payne v. John Howard Ass'n, et al.*, Case No. 25-cv-9234 (N.D. Ill. July 11, 2025) (pending review).

Plaintiff's extensive litigation history, particularly the dismissal of twelve cases in this District in the last two years for failure to state a claim, demonstrates that Plaintiff has become a frivolous litigant. Plaintiff also appears intent on flouting the Court's handling of his cases, indicating in his amended complaint that the strikes he has incurred are "fake." (Doc. 12 at 4). It is obvious that the accrual of strikes and the assessment of countless filing fees is not an adequate deterrent for Plaintiff's conduct. Given that Plaintiff owes this Court more than $10,000 for filing fees, it is highly unlikely that any sort of monetary sanction would have a meaningful impact on his filing conduct. Accordingly, the Court now finds it appropriate to warn Plaintiff that if he files new civil actions in this Court, or if he files actions in the Northern or Central Districts that are transferred to this Court, any such case may be dismissed as a sanction, and he may incur a filing restriction in this District. This ban warning does *not* impact cases presently pending that are still awaiting a resolution.[6]

Given that Plaintiff has accrued more than three strikes in this District, any future civil filing must accurately disclose his strikes, and he must either pay the full $405 filing fee or establish that he faces an imminent danger. <u>If Plaintiff files any future cases and those cases are found to be frivolous or lack a showing of imminent danger, then Plaintiff may be subject to a filing restriction in this District</u>. **<u>Plaintiff is required to disclose this Order with any future filings, and he must disclose his strikes</u>**.

---

[6] *See supra,* footnote 5 for cases listed as "pending review." Cases currently pending review do not constitute a violation of the filing ban warning in this order. A filing ban is only intended if Plaintiff files a new civil action after the date of this Order.

DISPOSITION

Plaintiff's Complaint (Doc. 1) is **DISMISSED** with prejudice for failure to state a claim under 28 U.S.C. § 1915A.  Plaintiff **must disclose this Order and his previous strikes** with any future case that he files.  Failure to disclose this Order, or the filing of another complaint that fails to state a claim or is frivolous may result in the imposition of a filing ban in this District.  This does not apply to cases that are currently pending.

If Plaintiff wishes to appeal this Order, he must file a notice of appeal with this Court within thirty days of the entry of judgment.  FED. R. APP. P. 4(a)(1)(A).  If Plaintiff chooses to appeal, he will be liable for the $605.00 filing fee irrespective of the outcome of the appeal.  See FED. R. APP. P. 3(e); 28 U.S.C. § 1915(e)(2); *Ammons v. Gerlinger*, 547 F.3d 724, 725-56 (7th Cir. 2008).  Moreover, if the appeal is found to be nonmeritorious, Plaintiff may incur a "strike" under 28 U.S.C. § 1915(g).  A proper and timely motion filed pursuant to Federal Rule of Civil Procedure 59(e) may toll the 30-day appeal deadline.  FED. R. APP. P. 4(a)(4).  A Rule 59(e) motion must be filed no later than 28 days after the entry of judgment, and this 28-day deadline cannot be extended.

**IT IS SO ORDERED.**

Dated: February 2, 2026

/s/ *David W. Dugan*
_____
DAVID W. DUGAN
United States District Judge